Mayhew v. Paine and trustee.

---

HORACE A. MAYHEW *versus* DANIEL PAINE, and ASA H. HANKERSON, *Trustee.*

The wife of A. tendered to B. a sum of money, to redeem real estate, which the latter held by mortgage as security for certain notes given by A., the wife claiming that the money was the fruits of her own earnings. The money not having been taken, it was deposited by her in the hands of C., subject to the order of the mortgagee, or her own order, in which condition it remained at the time of the service on C. : — *Held*, that C. could not be charged as trustee of A.

EXCEPTIONS from *Nisi Prius*, TENNEY, C. J., presiding.

TRUSTEE DISCLOSURE. — The alleged trustee in this case disclosed the following facts : —

"Prior to the service of the plaintiff's trustee writ on me, Mrs. Harriet Paine, of Jackson Plantation, wife of Daniel Paine, of said Jackson Plantation, tendered to Charles Pike three hundred and twenty dollars in specie, and deposited the

same in my hands, to pay certain notes given by said Daniel Paine to said Pike, and to redeem certain land which was mortgaged by said Paine to Pike for security. Said money was in my hands at the time of the service of plaintiff's writ on me. She claimed right to redeem said land by virtue of a quitclaim deed given by Elisha Pettingill to her, bearing date July 9th, 1850, the description in which was as follows, to wit:—"All the right, title and interest in and to a certain lot of land situated in said Jackson Plantation, in the county of Franklin, and is the same I bought at a sheriff's sale, sold on execution in favor of R. Hiscock, and against Daniel Paine, as by sheriff's deed dated July 7th, 1849, and recorded in the Franklin Registry, vol. 16, page 546, will fully appear, reference being had thereto." She said, at the time of making said tender and deposit, that the money was her own earnings and resources; that she had supported herself for the last four years, during which time she had obtained said money as aforesaid. Said three hundred and twenty dollars has remained in my hands ever since said deposit was made, and is now in my hands, subject to Pike's order or to her order. At the time she made the tender to Pike, she exhibited to him the deed aforesaid described."

The Court ordered the trustee to be discharged; to which order the plaintiff excepted.

*Webster* and *Marshall*, for plaintiff.

TENNEY, C. J.— The money in the hands of the party summoned as trustee, was tendered by the wife of the principal defendant, to Charles Pike, to pay certain notes, given by her husband to Pike, and to redeem real estate, conveyed in mortgage for their security. It does not appear by the disclosure, whether the creditor positively refused to receive the money or not, when it was offered, but it not being taken, it was deposited in the hands of the supposed trustee, subject to Pike's order, or to her order.

The money so tendered and deposited, is claimed by the

plaintiff, as a fund in the hands of the depositary, belonging to the principal defendant, which can be reached by the process of foreign attachment.

If the money had been received by Pike, it would not probably be contended that it would be subject to attachment in his hands as trustee. It being due to him from the husband, whose money it is claimed to have been, by the facts disclosed, it would become his property. It was deposited for him, in payment of her husband's notes, and could be taken at any time, it not having been withdrawn, at the time of the service of the writ. The husband has not denied her authority to make the payment, in discharge of his notes, and it is not in the power of a stranger, to treat the tender and deposit as a nullity, and thereby divert it from the designed direction.

The inducement under which the wife acted, to make her interest in the land mortgaged, available to her, by the payment of her husband's notes, cannot change the principle, which is otherwise applicable.     *Exceptions overruled.*

RICE, J., concurred.

APPLETON, J., did not concur in the foregoing opinion, but made the following memorandum:—

Till the tender is accepted, the money may be withdrawn at any time. Whether withdrawn or not, the title to it remains in the person tendering. If lost, it is his loss. It is in no respect the property of the person to whom it is tendered till acceptance.

The evidence does not satisfactorily show that the money tendered belonged to the defendant's wife. If it belonged to the defendant, when tendered, it still remains his.